IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD HAFFNER,

                  Plaintiff,

  v.                                                 OPINION and ORDER

JOSHUA BELL, THE CITY OF NEW RICHMOND,
and THE CITY OF NEW RICHMOND POLICE AND     22-cv-639-jdp
FIRE COMMISSION,

                  Defendants.

---

For years, the City of New Richmond elected the subordinate officers in its fire department without the formal approval of the city's Police and Fire Commission. This process did not conform to state law. In 2021, the city brought its promotion practices into compliance, and it authorized its fire chief, defendant Joshua Bell, to start fresh with a new slate of officers. Plaintiff Richard Haffner is a part-time firefighter with the department. At the time of the change in promotion practice, he was a captain and the health and safety officer. But he was not among those whom Bell chose as new officers. Haffner contends that defendants demoted him from his officer positions without providing him the procedural protection he was due under state law, violating his right to due process under the Fourteenth Amendment.

Defendants move for summary judgment on two main grounds. Dkt. 19. First, they contend that Haffner was not deprived of any protected property interest, because his officer positions were meaningless honorifics without real duties, and he was never legally appointed to his officer positions in the first place. Second, they contend that defendant Bell is entitled to qualified immunity. The court will grant summary judgment to Bell. He is entitled to qualified immunity because the unlawfulness of Bell's actions was not clearly established when

he appointed the new slate of officers. But the court will deny summary judgment to the other defendants. Haffner has adduced evidence that his officer positions were more than meaningless honorifics, and Wisconsin law creates a property interest in legitimate officer positions, even if the process of appointment did not follow Wisconsin law.

## UNDISPUTED FACTS

Except where noted, the following facts are undisputed:

Historically, the City of New Richmond Fire Department selected its officers through biannual elections, pursuant to the bylaws of the department and city ordinances. Because of the COVID-19 pandemic, in 2020 the fire department did not hold elections; the fire chief simply appointed the officers. The fire chief also appointed some firefighters to roles with extra responsibilities, including the health and safety officer.

New Richmond's officer appointment process did not comply with Wisconsin law. Wis. Stat. § 62.13(4)(a) establishes requirements for the appointment of subordinate officers in police and fire departments, and § 62.13(5) affords police officers and firefighters protections against wrongful discharge.

Plaintiff Richard Haffner is a part-time firefighter in New Richmond. Haffner was first elected to a captain position in either the 2010 or 2012 elections. Haffner was listed as a captain on the fire department's organizational charts from at least June 2013 to April 2014. He was then listed as a lieutenant from April 2014 to April 2016, and a captain again from April 2016 until August 2021. Haffner also served as the health and safety officer for some of this time. Minutes from Police and Fire Commission meetings show that the commission did

not approve a slate of officers for the fire department during the time that Haffner served in an officer position.

The captain position did not come with extra pay; the health and safety officer position came with a $28 monthly stipend. Haffner says that the captain position came with additional responsibilities, including some supervisory responsibilities; defendants dispute whether the captain position came with any additional responsibilities at all.

In August 2021, the city amended its ordinance governing fire department officer selection to comply with state law. The new ordinance did away with officer elections and gave the fire chief the authority to appoint officers—subject to confirmation by the Police and Fire Commission. In accordance with the new ordinance, the new fire chief, defendant Joshua Bell, appointed a slate of officers and the Police and Fire Commission approved those officers at its next meeting. Bell did not appoint Haffner to an officer position. Haffner remained a firefighter with the department.

ANALYSIS

Defendants' motion for summary judgment raises two main issues: whether Haffner can establish a due process violation, and if so, whether Bell himself can be held liable for the violation.

A. **Due process claim**

Haffner asserts a claim under the Fourteenth Amendment Due Process Clause, contending that defendants deprived him of a property interest without due process of law when they demoted him from his positions as captain and health and safety officer. To prevail on a procedural due process claim for deprivation of property, Haffner must demonstrate that

he: (1) had a cognizable property interest, (2) suffered a deprivation of that interest, and (3) did not receive the process he was due. *Dixon v. City of New Richmond*, 334 F.3d 691 (7th Cir. 2003). Defendants admit that Haffner was removed from his positions as captain and health and safety officer, but they contend that Haffner did not have a property interest in those positions and, in any case, he received all the process that he was due.

1. **Property interest in the officer positions**

The Constitution does not create any property interests; rather, property interests are created by other, independent sources of law, such as state law. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). State law creates a property interest if it grants a person a "legitimate claim of entitlement" to a certain benefit. *Id.* Public employees like Haffner have a legitimate claim of entitlement to their jobs if state law removes them from employment at will, granting them an expectation of continued employment. *Dixon*, 334 F.3d at 694.

Haffner contends that he has a property interest in his officer positions under Wis. Stat. § 62.13. That statute removes police officers and firefighters from employment at will, protecting them against wrongful discharge and wrongful discipline. § 62.13(5)(em); *Larson v. City of Tomah*, 193 Wis. 2d 225, 532 N.W.2d 726, 729 (1995). State and federal courts have consistently held that the statute creates a property interest protected by the Fourteenth Amendment Due Process Clause. *Dixon*, 334 F.3d at 694; *Kraus v. City of Waukesha Police & Fire Comm'n*, 2003 WI 51, ¶ 57, 261 Wis. 2d 485, 662 N.W.2d 294.

Defendants concede that Wis. Stat. § 62.13 creates a property interest, but they contend that the statute does not apply to Haffner because Haffner was not legitimately appointed to his officer positions under the statute. During the time that Haffner served as an officer, New Richmond appointed its officers without getting formal approval from the Police

4

and Fire Commission. This practice was not consistent with Wis. Stat. § 62.13(4)(a), which provides that the fire chief "shall appoint subordinates *subject to approval*" by the commission (emphasis added). Defendants contend that Haffner was not legitimately appointed to his officer positions under the statute, so he was not entitled to the employment protections that statute provides.

Defendants' argument is based on a statutory interpretation. In essence, defendants contend that the statutory protections in § 62.13(5)(em) are available only to officers whose hiring or promotion was approved by the commission, as required by § 62.13(4)(a). Nothing in the text of the statute supports such a reading. And this interpretation would allow a municipality to avoid affording job protection to its firefighters and law enforcement officers simply by withholding commission approval of their hiring and promotion. This is an absurd result that frustrates the purpose of the statute, so the court must reject the defendants' interpretation. *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110. If Haffner was promoted to an officer position within the fire department, then § 62.13 protects him from wrongful demotion or discharge and provides him with a property interest in that officer position. Whether the department complied with § 62.13 in promoting Haffner in the first place is immaterial.

Defendants resist this conclusion with a second argument: that the promotions were just meaningless unofficial titles, with no real duties or benefits. An employee has no property interest in mere honorifics. *Swick v. City of Chicago*, 11 F.3d 85, 87 (7th Cir. 1993) (property under the Fourteenth Amendment doesn't extend to "purely dignitary or otherwise nonpecuniary dimensions of employment"); *see also Doubet v. Eckelberg*, 81 F. App'x 596 (7th Cir. 2003) (mere change in title is insufficient to implicate a property interest). Genuine

promotions and demotions are typically characterized by changes in base pay, but a change in responsibilities, such as serving as a supervisor, can also constitute a promotion or demotion if the change affects access to professional development and future employment opportunities. *See Dixon*, 334 F.3d at 695; *Head v. Chicago Sch. Reform Bd. of Trustees*, 225 F.3d 794, 803 (7th Cir. 2000); *Evans v. Morgan*, 304 F. Supp. 2d 1100, 1104 (W.D. Wis. 2003).

Haffner has adduced evidence from which a jury could find that his officer positions were more than merely informal or dignitary. For his role as the health and safety officer, he received extra pay, a $28 monthly stipend. Dkt. 30, ¶ 35. The captain position came with no additional pay, but Haffner has adduced evidence that the captains supervised other firefighters and had additional duties and responsibilities. Dkt. 20 (Haffner Dep. 40:9–22). Defendants point out that there was no formal job description for officers, and they dispute whether captains had any formal duties that would make the role more than merely dignitary, Dkt. 33, ¶ 25 and Dkt. 35, at 9. But at summary judgment, the court must construe any genuinely disputed fact in Haffner's favor. He has raised a genuine dispute of fact whether his officer positions involved more than an informal title.

Defendants make two other arguments for why Haffner has no property interest in his officer positions, but these are undeveloped and unpersuasive. Defendants argue that New Richmond's former method of selecting officers called for biannual elections, so Haffner's positions would simply lapse at the end of the term. But he lost his captain position before his two years were up. Defendants argue that Haffner was demoted from captain to lieutenant in 2014, and he did not assert his due process rights then. But defendants don't explain why Haffner's accepting the results of the 2014 election would act as a permanent waiver of his statutory rights or his federal due process rights.

### 2. Due process

Defendants contend that even if Haffner was deprived of a property interest, he received all the process he was due. They argue that Haffner was not legitimately appointed to his officer positions under Wis. Stat. § 62.13(4)(a), so he was not entitled to the just cause hearing under Wis. Stat. § 62.13(5)(em), but instead only to whatever due process was allocated to him under New Richmond's ordinance and bylaws for hiring and promoting firefighters—which did not provide for any process at all.

Defendants' argument fails for two reasons. First, it is essentially a repeat of defendants' statutory interpretation argument, which the court rejected above. Second, defendants' position misconstrues due process law. Once an individual has shown that he was deprived of a property interest, the question of what minimum process the Constitution requires is a federal constitutional question, not a question of state law or municipal ordinance. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985). Under *Loudermill*, "some kind of a hearing" is required before discharging an employee with a property interest. 470 U.S. at 542. The court need not define the minimum procedural requirement here other than to say that it is more than the nothing that Haffner got.

## B. Joshua Bell's individual liability

Haffner is suing New Richmond fire chief Joshua Bell under 42 U.S.C. § 1983 in his individual capacity, alleging that Bell demoted Haffner from his officer positions when Bell appointed a new slate of officers after the city changed its officer promotion policy for firefighters. To prevail on his claim, Haffner must show that Bell was personally involved in the acts that violated his due process rights. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

Bell contends that he was not involved in Haffner's demotion because by the time Bell picked the new slate of officers, Haffner had already been demoted. The court need not decide the matter of Bell's personal involvement, because the court agrees with Bell's second argument: that he entitled to qualified immunity.

Qualified immunity affords broad protection to government officials who make good-faith mistakes in the performance of their duties. Qualified immunity shields government officials from individual liability under 42 U.S.C. § 1983 unless two elements are met: (1) the official violated a federal statutory or constitutional right, and (2) the unlawfulness of the official's conduct was clearly established at the time of the violation. *Bradley v. Vill. of Univ. Park, Illinois*, 59 F.4th 887 (7th Cir. 2023) (citing *D.C. v. Wesby*, 583 U.S. 48, 62–63 (2018)).

A legal violation is clearly established if there is a strong foundation of legal precedent plainly prohibiting the official's conduct, such that a reasonable official would understand that what he is doing is unlawful. *Bradley*, 59 F.4th at 589–90. The plaintiff bears the burden of defeating qualified immunity. It is not enough for a plaintiff to point to a general legal principle: he must show that the principle is clearly applicable under the specific factual circumstances at issue. *Mullenix v. Luna*, 577 U.S. 7 (2015). Typically, a plaintiff makes this showing by pointing to case law that applies the legal principle to a similar set of facts. *Boyd v. Owen*, 481 F.3d 520, 526 (7th Cir. 2007).

Haffner provides no case law applying the principles of due process law to a factual scenario even remotely like this one. Haffner relies only on "multiple cases . . . stand for the proposition that longstanding custom can create property rights in employment, and that demoting an employee with a protected right in that position violates the due process clause." Dkt. 27 at 13. It is well established that firefighters hold property interests in their positions

and that they may not be demoted without due process. Wis. Stat. § 63.15(5); *Dixon*, 334 F.3d at 694; *Kraus*, 2003 WI 51, ¶ 57. But this is far too general a principle to establish that Haffner's rights were clearly established. Bell was presented with an unusual set of facts—New Richmond had a longstanding practice of unlawful hiring practices, changed its policy to conform with the law, and its city administrator told Bell that he had the authority to appoint officers pursuant to the now lawful policy. In those circumstances, it was not clearly established that it would be unlawful for Bell to assume he was starting with a clean slate and could appoint whomever he thought was best.

The court will grant summary judgment to Bell and dismiss him from the case.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 19, is GRANTED in part and DENIED in part. Defendants' motion is granted with respect to plaintiff's claim against Joshua Bell. Defendants' motion is denied in all other respects.

2. Defendant Joshua Bell is DISMISSED from the case.

Entered March 20, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge